# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                      **Case # 3:01CR20-001 RV**

**FRANK MYERS**                           **Defendant's Attorney (Retained)**
                                          **Barry W. Beroset, Esq.**
                                          **417 East Zaragoza Street**
                                          **Pensacola, Florida 32501**

## JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Counts One through Twenty-One, inclusive, of the Indictment on April 26, 2001. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Possession with Intent to Distribute Hydromorphone Hydrochloride | May 26, 1999 | One through Twenty-One, inclusive |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    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
Defendant's Date of Birth:    11/17/37
Deft's U.S. Marshal No.:    10822-002

Date of Imposition of Sentence:
July 18, 2001

Defendant's Residence Address:
12376 U.S. Highway 331 South
Montgomery, Alabama 36105

ROGER VINSON
CHIEF U. S. DISTRICT JUDGE

July ___, 2001

CERTIFIED A TRUE COPY
WILLIAM M McCOOL, Clerk
By: _____ Deputy Clerk

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

01 JUL 19 PM 3: 14

FILED

31

ENTERED ON DOCKET 7-19-01 BY ___
Rules 58 & 79(a) FRCP or 32(d)(1) A 55 FR Cr P
Copies mailed to: Heusel, Beroset,
Probation, Marshal, Finance

FLN J&C; 1/2000

Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **58 months on each of Counts One through Twenty-One, with the terms to run concurrently one with the other.**

The defendant shall surrender to either the United States Marshal in Montgomery, Alabama, or to the institution designated by the Bureau of Prisons, at defendant's expense, by 12:00 o'clock Noon on August 15, 2001.

The Court recommends to the Bureau of Prisons:

The defendant shall participate in a Residential Drug Treatment Program, or such similar program, for treatment of substance abuse as deemed eligible, at the discretion of the Bureau of Prisons.

A federal prison camp, specifically Maxwell Prison Camp, as deemed eligible by the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

Frank Myers 3:01CR20-001 RV

FLN J&C; 1/2000

Page 3 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **6 years on each count, with the terms to run concurrently one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon

For offenses committed on or after September 13, 1994: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the Court or probation officer;

2. The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **10 days prior** to any change in residence or employment, unless otherwise directed by the probation officer;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

Frank Myers 3:01CR20-001 RV

FLN J&C; 1/2000

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. Any unpaid fine and restitution balance shall become a condition of the defendant's term of supervised release, and the defendant shall make monthly installment payments of not less than $60.00 to commence three months after release from incarceration.

2. As deemed necessary by the probation officer, the defendant shall participate in a program of drug and alcohol treatment, which may include testing to determine whether the defendant is using drugs or alcohol to excess.

Frank Myers 3:01CR20-001 RV

FLN J&C; 1/2000

## SPECIAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to that office at 111 North Adams Street, Tallahassee, Florida 32301. Payments may be in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$2,100.00** is imposed.

## FINE

A fine of **$4,000.00** is imposed. In the interest of justice, interest on the fine is waived.

## RESTITUTION

No restitution is imposed.

Frank Myers 3:01CR20-001 RV

FLN J&C; 1/2000

## SCHEDULE OF PAYMENTS

### SUMMARY

| <u>Special Monetary Assessment</u> | <u>Fine</u> | <u>Restitution</u> |
|:---:|:---:|:---:|
| **$2,100.00** | **$4,000.00** | **-0-** |

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties.

The $2,100.00 monetary assessment shall be paid immediately.   Any payments of the monetary assessment and the fine made while the defendant is incarcerated, shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Frank Myers 3:01CR20-001 RV

FLN J&C; 1/2000

# STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report except:

1.  Paragraph 10 is revised to reflect the defendant is held accountable for 375 kg of marijuana based on the conservative amount of $150,000 as the total amount paid by the Lakes to Frank Myers for Dilaudids.

2.  Paragraphs 16 and 21 are revised to reflect the defendant is held accountable for a total of 375 kg of marijuana, which falls within the range of 100 kg to 400 kg of marijuana on the Drug Quantity Table. Therefore the base offense level (paragraph 16) and the adjusted base offense level subtotal (paragraph 21) is 26.

3.  Paragraphs 23 and 25 are revised to reflect the total offense level is 23.

4.  Paragraph 49 is revised to reflect the total offense level is 23 and the guideline imprisonment range is 51 to 63 months.

**Guideline Range Determined by the Court:**

Total Offense Level: 23

Criminal History Category:  II

Imprisonment Range: 51 to 63 months

Supervised Release Range: At least 6 years

Fine Range: $10,000.00 to $42,000,000.00
        **Fine waived or below the guideline range because of inability to paid.**

No restitution imposed.

The sentence is within the guideline range, the range **does not exceed 24 months,** and the court finds no reason to depart from the sentence called for by the application of the guidelines.

Frank Myers 3:01CR20-001 RV